UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RONALD W. LOCKHART and SANDRA S. LOCKHART,

*Plaintiffs*,

v.

U.S. BANK NATIONAL ASSOCIATION, et al.,

*Defendants*.

Civil Action No. 16-4398

OPINION

**ARLEO, UNITED STATES DISTRICT JUDGE**

This matter comes before the Court by way of Defendants U.S. Bank, N.A. as trustee, successor in interest to Bank of America, N.A. as trustee, successor by merger to LaSalle Bank, N.A. as trustee for Washington Mutual, Mortgage Pass-Through Certificates WMALT Series 2006-AR1 Trust ("U.S. Bank"), Bank of America, N.A. ("BANA"), Nationstar Mortgage LLC ("Nationstar"), and Mortgage Electronic Registration Systems, Inc.'s ("MERS") (collectively, "Defendants") motion to dismiss Plaintiffs Ronald and Sandra Lockhart's ("Plaintiffs" or the "Lockharts") Complaint. Dkt. No. 3. For the reasons set forth below, Defendants' motion is **GRANTED**.

**I.  BACKGROUND**

This matter arises from a foreclosure action that Defendants initiated against Plaintiffs in New Jersey state court. Compl. ¶ 14. Although not entirely clear from the Complaint, Plaintiffs appear to claim that the foreclosure action was based on a fraudulent conveyance of their mortgage. Id. ¶¶ 16-18.

1

**A. The Mortgage**

On October 11, 2005, Plaintiffs executed a promissory note in favor of Countrywide Home Loans, Inc. in exchange for a loan in the amount of $1,473,800.00, which was secured by a mortgage (the "Mortgage") on the subject property located in Stone Harbor, New Jersey. See Compl. ¶ 16; Certification of Jason R. Lipkin ("Lipkin Cert."), Ex. A, Dkt. No. 3-2.[1] The Mortgage was executed in favor of MERS as nominee for lender Countrywide. Lipkin Cert., Ex. Btgage Pass Through Certificates, Series WMALT 2006-AR1 on May 10, 2011. Id., Ex. C., Dkt , Dkt. No. 3-2. The Mortgage was then assigned to U.S. Bank, N.A. as trustee for WAMU Mor No. 3-2.

**B. The Foreclosure Action**

Plaintiffs allege that Defendants initially brought a foreclosure action against them in 2012, which was voluntarily dismissed. Compl. ¶ 14. On April 14, 2015, Defendants commenced a second foreclosure action against Plaintiffs in the Superior Court of New Jersey, Chancery Division, Cause No. F-020098-15 (the "Foreclosure Action"). Lipkin Cert., Ex. D. That case is currently pending before the state court. In the Foreclosure Action, Defendants alleged that Plaintiffs defaulted on the Mortgage in July 2010. Id.[2] On or about November 16, 2015, Plaintiffs filed an Answer, Affirmative Defenses, Counterclaims and a Third-Party Complaint in the Foreclosure Action (the "Counterclaim"). Lipkin Cert., Ex. E. In their Counterclaim, the

---

[1] Defendants have submitted copies of the Note, Mortgage and Assignment of Mortgage. See Lipkin Cert., Exs. A, B, C. On a motion to dismiss, this Court may consider documents that are in the public record, are central or Defendants' claims and are specifically references in the Complaint. See Banco Popular N. Am. v. Gandi, 184 N.J. 161, 183 (2005) (citing Lum v. Bank of Am., 361 F.3d 217, 222 n.3 (3d Cir.), cert. denied, 125 S. Ct. 271 (2004)). Here, Plaintiffs' Complaint references the Note and Mortgage, which are also documents of public record. Accordingly, the Court considers Defendants' submissions.

[2] Because Plaintiffs reference a prior foreclosure action, this Court considers the public filings concerning Plaintiffs' foreclosure.

Lockharts asserted that U.S. Bank, Nationstar, and BANA "misrepresented and concealed material note and mortgage assignment" information, and "fabricated and or forged documents in connection with the subject note and mortgage." Counterclaim ¶ 4, Dkt. No. 3-2.

Plaintiffs asserted eleven counts against U.S. Banks, BANA and Nationstar, including violation of the New Jersey Consumer Fraud Act, common law contract claims, and violations of federal law including the Truth in Lending Act ("TILA"), the Toxic Asset Relief Program ("TARP"), the Dodd-Frank Wall Street Reform and Consumer Protection Act, the Fair Debt Collection Practices Act ("FDCPA"), and the Fair Credit Report Act ("FCRA"). Id. On June 8, 2016, the Hon. Mark H. Sandson, P.J. Ch., dismissed the claims against U.S. Bank, BANA, and Nationstar without prejudice, holding that Plaintiffs "may only seek to amend their pleadings if discovery uncovers documents or information to support such claims." Id. Plaintiffs have not yet amended their counterclaim in the Foreclosure Action.

### C. The Instant Action

Plaintiffs commenced the instant action on July 20, 2016. In the Complaint, Plaintiffs appear to allege that the Note, Mortgage, and Assignment were fraudulent. See Compl. ¶¶ 16-17. Specifically, Plaintiffs assert that U.S. Bank "fraudulently asserted possessory interests in the debt obligations securing [Plaintiffs'] real property." Id. ¶ 15. As such, Defendants allegedly lacked standing to bring the Foreclosure Action. Id. ¶ 27. Plaintiffs also appear to allege that the Foreclosure Action was fraudulently brought by Defendants, and that Defendants submitted fraudulent materials in support of their claims in the Foreclosure Action. Id. ¶ 27. Plaintiffs' Complaint largely repeats the allegations of its counterclaims in the Foreclosure Action.

Plaintiffs assert six causes of action in their Complaint: (1) breach of contract, unjust enrichment and wrongful conversion; (2) quiet title; (3) fraud; (4) wrongful foreclosure action; and

3

(5) "federal laws" for violations of the TILA, the Real Estate Settlement Procedures Act ("RESPA"), the FDCPA, and Home Ownership and Equity Protection Act ("HOEPA"); and (6) emotional distress. Defendants moved to dismiss the Complaint.

## II. DISCUSSION

### A. Legal Standard

Under Fed. R. Civ. P. 12(b)(1), a party may seek dismissal of an action because the court lacks subject matter jurisdiction. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Rule 12(b)(1) motions may be facial or factual in nature. "In a facial attack, a defendant argues that the plaintiff did not properly plead jurisdiction . . . [whereas] a 'factual' attack asserts that jurisdiction is lacking on the basis of facts outside of the pleadings." Smolow v. Hafer, 353 F. Supp. 2d 561, 566 (E.D. Pa. 2005) (citing Mortensen, 549 F.2d at 891).

In considering a Rule 12(b)(6) motion to dismiss on the pleadings, the Court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). A complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. Iqbal, 556 U.S. at 678.

### B. Entire Controversy Doctrine

Defendants first move for dismissal of all claims on the basis that they are barred by the

entire controversy doctrine as they are either currently pending in the ongoing Foreclosure Action, or could have been brought in that action. The Court finds that the entire controversy doctrine does not apply here.

The entire controversy doctrine "compels the parties, when possible, to bring all claims relevant to the underlying controversy in one legal action." Coleman v. Chase Home Fin., LLC ex rel. Chase Manhattan Mortg. Corp., 446 Fed. App'x 469, 471 (3d Cir. 2011) (citing N.J. Ct. R. 4:30A). However, "the entire controversy doctrine does not preclude the initiation of a second litigation before the first action has been concluded." Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 889 (3d Cir. 1997); see also, DeHart v. U.S. Bank, N.A. ND, 811 F. Supp. 2d 1038, 1045 (D.N.J. 2011). The parties here agree that the Foreclosure Action is still pending. Accordingly, the Court declines to apply the entire controversy doctrine while the state action proceeds.

### C. Colorado River Abstention

The Supreme Court has held that federal courts may decline to exercise their jurisdiction where it is warranted by considerations of "proper constitutional adjudication," "regard for federal-state relations," or "wise judicial administration." See Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976). Even though Defendants have not raised the issue of Colorado River abstention in their motion, the Court may consider abstention doctrines on its own. O'Neill v. City of Philadelphia, 32 F.3d 785, 786 (3d Cir. 1994) (considering the question of Younger abstention sua sponte); Blake v. Kline, 612 F.2d 718, 727 (3d Cir. 1979) ("Although it was not raised in the district court, abstention may be raised by this court sua sponte."). "This district has repeatedly invoked Colorado River to abstain from hearing what amount to collateral attacks on pending state foreclosure actions." Dickerson v. Wells Fargo Bank, No. 15-3747, 2016

5

WL 820989, at *3 (D.N.J. March 2, 2016) (citations omitted). Abstention is warranted in this matter too.

The Colorado River doctrine allows a federal court to abstain, either by staying or dismissing a pending federal action, when there is a parallel ongoing state court proceeding. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817-18 (1976). The doctrine is to be narrowly applied in light of the general principle that "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996). Whether abstention is appropriate is a two-part inquiry. The initial question is whether there is a parallel state proceeding that raises "substantially identical claims, raising nearly identical allegations and issues." Timoney v. Upper Merion Twp., 66 F. App'x 403, 405 (3d Cir. 2003) (internal quotation marks and citation omitted). If the proceedings are parallel, courts then look to a multi-factor test to determine whether "exceptional circumstances" merit abstention. Id.

In determining whether an action presents "extraordinary circumstances" the Court considers six factors: "(1) which court first assumed jurisdiction over a relevant res, if any; (2) whether the federal court is inconvenient; (3) whether abstention would aid in avoiding piecemeal litigation; (4) which court first obtained jurisdiction; (5) whether federal or state law applies; and (6) whether the state action is sufficient to protect the federal plaintiff's rights." St. Clair v. Wertzberger, 637 F. Supp. 2d 251, 255 (D.N.J. 2009) (citing Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 890 (3d Cir. 1997)). "No one factor is determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." Colorado River, 424 U.S. at 818-19.

Here, the Foreclosure Action and the instant matter are parallel. Plaintiffs' claims arise out of the same mortgage transaction that was the basis for the state court Foreclosure Action. Plaintiffs challenge the veracity of the Note, Mortgage, Assignment, U.S. Bank's standing to foreclose, the default status of Plaintiffs' Loan, and title to the subject property of the Foreclosure Action. While Plaintiffs' six-count Complaint does not repeat the counts of the Counterclaim in the Foreclosure Action verbatim, all of their claims in the instant matter are based on the same underlying factual allegations. Namely, that the Note/Mortgage was wrongfully assigned, that Defendants fraudulently pursued collection on the Note and commenced the Foreclosure Action against Plaintiffs despite the wrongful assignment, that Defendants failed to provide proper disclosures as provided by federal law, and that Defendants manufactured fraudulent materials during the course of the Foreclosure Action. Compl. ¶¶ 15-27. Even Plaintiffs' newly alleged causes of action of "quiet title," "wrongful foreclosure," and "emotional distress" are ultimately tied to the validity of Mortgage and Defendants' standing to pursue a foreclosure. Id. ¶¶ 69-71, 76-77, 82-84.

Proceeding to the six-factor balancing test, the Court finds that exceptional circumstances warrant abstention. First, the Court considers which court first assumed jurisdiction over the relevant res. Here, the state court obtained jurisdiction over Plaintiff's property first, and "the presence of an in rem dispute in the state court action weighs in favor of abstention." BIL Mgmt. Corp. v. New Jersey Econ. Dev. Auth., 310 F. App'x 490, 492 (3d Cir. 2008) (citations omitted). Second, the Court determines whether the federal court is inconvenient. The two fora here are equally convenient. See id. (citation omitted). Third, the Court considers whether abstention would aid in avoiding piecemeal litigation. The "avoidance of piecemeal litigation is desirable," id., but "there must be a strongly articulated congressional policy against piecemeal litigation in

7

the specific context of the case under review." Beals v. Bank of Am., N.A., No. 10-5427, 2011 WL 5415174, at *7 (D.N.J. Nov. 4, 2011) (quoting Ryan v. Johnson, 115 F.3d 193, 198 (3d Cir. 1997)). Here, the state court has already dismissed Plaintiffs' counterclaims for common law breach of contract and fraud, along with federal statutory claims for FDCPA and TILA violations. If this Court were to find that Defendants violated these claims, it would "throw into turmoil the parties' rights and obligations over plaintiff's home and mortgage, as well as the comity between courts." St. Clair, 637 F. Supp. 2d at 255. Fourth, the Court considers which court obtained jurisdiction first. It is undisputed that the state court obtained jurisdiction first here. Fifth, the Court looks to whether state or federal law applies. Here, Plaintiffs' Complaint alleges both common law claims and violations of federal statutes, so both federal and state law will apply. Finally, the Court determines whether the state action is sufficient to protect Plaintiff's rights. The Court finds that "the state court is an adequate forum to review Plaintiff's federal claims" and state claims. Peavy v. U.S. Bank Trust, N.A., No. 15-6001, 2016 WL 3566965, at *4 (D.N.J. June 30, 2016) (quoting Ruffolo v. HSBC Bank USA, N.A., No. 14-638, 2014 WL 4979699, at *4 (D.N.J. Oct. 3, 2014)).

On balance, the Court finds abstention is warranted in this case. Accordingly, Plaintiffs' Complaint must be dismissed.

### D. Statute of Limitations

Defendants argue that Plaintiffs' contract, fraud, TILA, and HOEPA claims are barred by the statute of limitations, and must be dismissed with prejudice. The Court agrees that some of these claims are time-barred.

First, to the extent that Plaintiffs' fraud and breach of contract claims relate to loan origination, they are barred by New Jersey's six-year statute of limitations for those claims. See

N.J.S.A. 2A:14-1 (applying a six-year limitations period to fraud and contract claims). Although Plaintiffs do not identify when their contract or fraud claims accrued, their allegations suggest that they took place in connection with the loan's origination. See Compl. ¶¶ 17,19. As the loan originated on October 11, 2005, fraud and contract claims relating to loan origination became untimely in October 2011. Plaintiffs did not bring this action until nearly five years later. Accordingly, the fraud and contract claims must be dismissed. However, to the extent that the contract and fraud claims are not based on origination, they may not be time-barred.

Next, Plaintiffs' statutory claims for violations of TILA and HOEPA are time-barred. Claims for monetary damages under TILA and HOEPA are subject to a one-year statute of limitations. See 15 U.S.C. § 1640(e), 1635(f). To the extent that Plaintiffs seek rescission under HOEPA, a three-year statute of limitations applies. 15 U.S.C. § 1635(f). In a dispute over a loan transaction, TILA and HOEPA claims accrue when the transaction was consummated. See Beach v. Ocwen Fed. Bank, 523 U.S. 410, 419 (1998). Here, Plaintiffs' TILA and HOEPA claims appear to stem from Defendants alleged "fail[ure] to provide proper amortization of the Note." Compl. ¶ 81. As such, the limitations period began to run when the parties executed the Note on October 11, 2005. Since the limitations period expired—at the absolute latest—three years later in October 2008, they are time-barred. To the extent that the TILA and HOEPA claims stem from the May 10, 2011 Assignment of their Mortgage, those claims expired in May 2014 at the latest. Plaintiffs did not bring the instant action until July 2016. Accordingly, Plaintiffs' TILA and HOEPA claims are dismissed.

Lastly, Plaintiffs' "emotional distress" claim is subject to New Jersey's two-year statute of limitations for tort actions. N.J.S.A. 2A-14-2. Here, Plaintiffs allege that "[b]y the wrongful collection the Defendants made Plaintiffs think they will lose their home and be living on the

streets." ¶ 83. Again, Plaintiffs have not identified any specific events that give rise to their claim. To the extent that the emotional distress claim arises from U.S. Bank's first foreclosure action against them in 2012, it expired in 2014 and is barred. However, to the extent that the claim arises from the 2015 Foreclosure Action, it did not expire until 2017, and is not time-barred.

### E. Failure to State a Claim

Defendants lastly contend that even if Plaintiffs' claims are not barred by preclusion doctrines or the statute of limitations, they must be dismissed for failure to state a claim. The Court again agrees.

Count One is for "breach of contract, unjust enrichment, and wrongful conversion." To state a claim for breach of contract under New Jersey law, a claimant must show that the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract and that the plaintiff sustained damages as a result. Murphy v. Implicito, 392 N.J. Super. 245, 265 (App. Div. 2007). To state a claim for unjust enrichment, a plaintiff must establish that: 1) at plaintiff's expense; 2) defendant received a benefit; and 3) under circumstances that would make it unjust for a defendant to retain the benefit without paying for it. Snyder v. Farnam Companies, Inc., 792 F. Supp. 2d 712, 723-24 (D.N.J. 2011). To state a claim for conversion, a plaintiff must allege: 1) the existence of property; 2) the right to immediate possession of the property; and 3) the wrongful interference by a defendant." Corestar Int'l Pte LTD v. LPB Commc'ns, Inc., 513 F. Supp. 2d 107, 127 (D.N.J. 2007).

Here, Plaintiffs appear to claim that the Note was "fraudulently graded as AAA," and that Defendants received an insurance payment when the Note failed during the economic downturn of 2007. Compl. ¶¶ 59-60. Plaintiffs allege that they continued to make payments on the Note, which Defendants collected without legal authority to do so. Id. ¶¶ 64-67. None of these

allegations is sufficient to state a contract-based claim. First, as to the breach of contract claim, Plaintiffs fail to identify the specific contract that was allegedly breached, do not point to any specific contractual provisions that were breached, or allege how they were damaged as a result of the breach. Second, as to the unjust enrichment claim, Plaintiffs have not alleged facts indicating that Defendants reaped a benefit in circumstances that would make it unjust. Lastly, as to the conversion claim, Plaintiffs have not alleged wrongful interference by Defendants. Accordingly, Count One must be dismissed.

Count Two is to "Quiet Title." New Jersey's quiet title statute allows a plaintiff to maintain an action to 'clear up all doubts and disputes concerning" competing claims to land. N.J.S.A. 2A:62-1. To state a quiet title claim, a plaintiff must allege facts that a competing claim is wrongful. See Espinoza v. HSBC Bank, USA N.A., No. 2013 WL 1163506, at *2 (D.N.J. Mar. 19, 2013) (dismissing New Jersey quiet title claims where plaintiff "merely state[d] that he received a Notice of Intention to Foreclose and that contests any interest which defendants may allege in property."). Under Twombly and Iqbal, a mere assertion that defendants do not have a right to the disputed property is insufficient. Id. Plaintiffs' complaint simply alleges in a conclusory fashion that "[t]itle is at issue as several parties are alleging ownership and yet none can prove they are." Compl. ¶ 70. Accordingly, Count Two must be dismissed.

Count Three is for common law fraud. Under New Jersey law, a plaintiff must allege: "(1) a material misrepresentation of fact; (2) knowledge or belief by the defendant of its falsity; (3) intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damage." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (citing Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997). For allegations sounding in fraud, Rule 9(b) imposes a heightened pleading standard. "A party must state with particularity the circumstances

11

constituting fraud or mistake," but "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Thus, plaintiffs must state the "who, what when, and where" of the alleged fraud. Saporito v. Combustion Eng'g Inc., 843 F.2d 666, 675 (3d Cir. 1988), vacated on other grounds, 489 U.S. 1049 (1989).

Plaintiffs have not done so here. While Plaintiffs' Complaint makes liberal use of the word "fraud," it does not state the factual predicate of these claims. Plaintiffs allege that Defendants "knew or should have known they [did] not possess true, legal title to the collection on the subject mortgage," yet proceeded to file two foreclosure actions against Plaintiffs. Compl. ¶¶ 73-75. But this narrative doesn't point to any reliance on Plaintiffs' part. Accordingly, Count Three must be dismissed.

Count Four is for a "wrongful foreclosure action." But Plaintiffs have not pointed to any state or federal laws that recognize such a cause of action. To the extent that the wrongful foreclosure action sounds in fraud, it is dismissed for the reasons stated above.

Count Five is for violation of "federal laws," including RESPA, HOEPA, FDCPA, and TILA. As the HOEPA and TILA claims are time-barred, only the RESPA and FDCPA claims will be addressed here. Plaintiffs' allegations are wholly conclusory. They allege that Defendants violated RESPA by "failing to disclose pertinent information, responding to Qualified Written Requests ("QWR"), providing full payoff history and statements, and notices pre-foreclosure." Compl. ¶ 79. Plaintiffs fail to point to any specific QWR, or provide any other details about the nature of the RESPA violation. Their conclusory statements do not give Defendants fair notice of their allegedly wrongful conduct.

Plaintiffs' FDCPA allegations are similarly conclusory. They allege that Defendants violated the FDCPA "[b]y collecting on this debt without proper notices." Id. ¶ 80. But Plaintiffs

fail to point to any provision of the FDCPA that was violated, or the factual basis for this allegation. Accordingly, Count Five is dismissed.

Count Six is for emotional distress. The elements of a negligent infliction of emotional distress claim in New Jersey are: (1) a legal duty to exercise reasonable care, (2) breach of this duty, (3) negligent conduct, and (4) emotional distress. Francis v. TD Bank, N.A., No. 12-7753, 2013 WL 4675398, at *6 (D.N.J. Aug. 30, 2013) (citing Decker v. Princeton Packet, Inc., 116 N.J. 418, 561 A.2d 1122, 1128 (N.J. 1989). To state a claim for intentional infliction of emotional distress, a party must plead "intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." Taylor v. Metzger, 152 N.J. 490, 706 A.2d 685, 694 (N.J. 1998) (citation omitted).

Here, Plaintiffs' only allege conclusory allegations to support their emotional distress claims. They state, "[b]y the wrongful collection the Defendants made Plaintiffs think they will lose their home and be living on the street. They lost sleep, mar[ital] harmony, intimacy, and employment production based on this as well." Compl. ¶¶ 83-84. Plaintiffs have not pointed to any breach of a duty, or any outrageous conduct that would support a claim. See Francis, 2013 WL 4675398, at *6 (dismissing emotional distress claims based on allegations that defendant induced plaintiff to make payments and filed foreclosure on her home despite knowing that defendant was not a party in interest.).

### III. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss, Dkt. No. 3, is **GRANTED**. Plaintiffs Ronald and Sandra Lockharts Complaint is therefore **DISMISSED** without prejudice. An appropriate order accompanies this opinion.

| Dated: June 22, 2017 | */s Madeline Cox Arleo*<br>**MADELINE COX ARLEO**<br>**UNITED STATES DISTRICT JUDGE** |
|---|---|